UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO. 3:07CR261

FILED
CHARLOTTE, N.C.

JAN 23 2008

U.S. DISTRICT COURT
W. DIST. OF N.C.

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **CONSENT ORDER AND** |
| ) | **JUDGMENT OF FORFEITURE** |
| DAVID EDWARD BOLAND, ) | |
| ) | |
| Defendant. ) | |

BASED UPON the defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. the following property is forfeited to the United States pursuant to 18 U.S.C. §2253, 18 U.S.C. §982, 21 U.S.C. §853, and/or 28 U.S.C. §2461(c):

> approximately 2882 floppy disks containing child pornography and/or child erotica;
>
> approximately 2815 CD-ROMs containing child pornography and/or child erotica;
>
> one e-machine computer, serial number QFT98 905 02887;
>
> approximately 70 VHS tapes child containing pornography and/or child erotica; and,
>
> approximately 25 magazines/books containing child pornography and/or child erotica;

2. the United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property;

3. the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by law;

4. any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

5. following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. §924(d), 18 U.S.C. §982, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 28 U.S.C. §2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so.

GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY

_/s/ Kimlani M. Ford_
KIMLANI M. FORD
Assistant United States Attorney

_/s/ David Boland_
DAVID EDWARD BOLAND
Defendant

_/s/ Christopher Fialko_
CHRISTOPHER FIALKO
Attorney for Defendant

Signed this the 23rd day of January, 2008.

_/s/ Carl Horn, III_
UNITED STATES MAGISTRATE JUDGE

2